IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD E. GARNER,                )
                                  )
            Plaintiff,            )
                                  )
       v.                         ) Civil Action No. 09-216J
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of September, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 17) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 15) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for supplemental security income on September 20, 2006, alleging a disability onset date of April 1, 2004, due to a lower back impairment, HIV and depression. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on April 3, 2008, at which plaintiff, represented by counsel, and plaintiff's case manager appeared and testified. On August 11, 2008, the ALJ issued a decision finding that plaintiff is not disabled. On June 22, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 49 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). He has a high school education and has past relevant work experience as a roofer and carpenter. However, plaintiff has not engaged in any substantial gainful activity since the date he filed his application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes

AO 72
(Rev. 8/82)

that plaintiff suffers from the severe impairments of hepatitis C, degenerative joint disease of the knees, degenerative disc disease of the lumbar and thoracic spine, depressive disorder and generalized anxiety disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. In addition, the ALJ found that plaintiff's HIV positive status is not a severe impairment.

The ALJ also found that plaintiff retains the residual functional capacity to perform light work but with certain restrictions recognizing the limiting effects of his impairments. (R. 12). A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including ticket seller, coupon redemption clerk and storage facility rental clerk. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering

his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises numerous challenges to the ALJ's findings: (1) the ALJ erred at step 2 by finding that plaintiff's HIV positive status is not a severe impairment; (2) the ALJ erred at step 3 by finding that plaintiff's impairments do not meet the criteria of any of the listed impairments; (2) the ALJ improperly evaluated the medical evidence; (3) the ALJ improperly evaluated plaintiff's credibility; (4) the ALJ's residual functional capacity finding and hypothetical to the vocational expert failed

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

to account for all of plaintiff's impairments and limitations; (5) in assessing plaintiff's residual functional capacity the ALJ failed to consider all of plaintiff's impairments in combination; and (6) the Appeals Council erred in failing to consider post-decision medical records. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first challenges the ALJ's step 2 finding that his HIV positive status is not a severe impairment. At step two, the ALJ must determine whether a claimant's impairments are severe as defined by the Act. 20 C.F.R. §416.920. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §416.920(a). The step two inquiry is a de minimus screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546.

Although "[r]easonable doubts on severity are to be resolved in favor of the claimant," Newell, 347 F.3d at 547, the ALJ concluded in this case that plaintiff's HIV positive status does not have more than a de minimus effect on plaintiff's ability to perform basic work activities and, therefore, is not a severe impairment. (R. 12). The ALJ noted that plaintiff was diagnosed with HIV in 1991, that he is only examined every 90 days, that he has been fairly asymptomatic with a good T-cell count, that he has

not been hospitalized or required emergency room treatment due to HIV-related complications and that there is no indication in the record that plaintiff has developed AIDS.

The medical evidence as outlined in the ALJ's decision supports the ALJ's step 2 conclusion that plaintiff has no significant limitations resulting from his HIV positive status. Although plaintiff argues that his HIV has resulted in mental limitations, he has not suggested any additional mental restrictions arising from his HIV positive status that would be more limiting than those already incorporated in the ALJ's residual functional capacity finding which accounts for limitations arising from plaintiff's depression and anxiety disorder.

It also is important to note that the ALJ did not deny plaintiff's claim for benefits at step 2. Instead, she considered the impact of all of plaintiff's medically determinable impairments, severe and not severe, on plaintiff's residual functional capacity and found plaintiff not disabled at step 5. Accordingly, the ALJ's finding that plaintiff's HIV positive status is not severe not only is supported by substantial evidence but also had no effect on the ultimate determination of non-disability. Cf., McCrea v. Commissioner of Social Security, 370 F.3d 357, 360-61 (3rd Cir. 2004) (the Commissioner's determination to deny an applicant's request for benefits at step 2 "should be reviewed with close scrutiny" because step 2 "is to be rarely utilized as a basis for the denial of benefits".)

Plaintiff's next argument is that the ALJ erred at step 3 by finding that plaintiff's impairments do not meet or equal the listings for musculoskeletal impairments, digestive disorders, mental disorders or HIV. Upon review, the court is satisfied that the ALJ's step 3 finding also is supported by substantial evidence.

At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments and adequately explained why plaintiff's impairments do not meet or equal the severity of those listings. (R. 18); see Burnett, 220 F.3d at 120, n.2. Specifically, the ALJ considered plaintiff's back impairment under Listing 1.04, his hepatitis C under Listing 5.00, and his mental impairment under Listing 12.04, and, in light of the medical evidence of record, concluded that the evidence fails to support a finding that any of plaintiff's

AO 72
(Rev. 8/82)

impairments, alone or in combination, meet any listed impairment.[2]

Moreover, plaintiff has failed to meet his burden of presenting any medical findings to either the ALJ or to this court showing that any of his impairments meet or equal any of the listings. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). Instead, plaintiff summarily states that the ALJ erred in finding that he failed to meet any listing without pointing to any evidence in the record that would support such a finding. Substantial evidence supports the ALJ's step 3 finding.

Plaintiff next challenges the ALJ's finding that plaintiff retains the residual functional capacity to perform less than the full range of light work. The court has reviewed the record and is satisfied that the ALJ's residual functional capacity finding also is supported by substantial evidence.

At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

---

[2] Because the ALJ properly found that plaintiff's HIV positive status was not a severe impairment, it was unnecessary for her to analyze that impairment under Listing 14.08.

Here, in rendering her residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence, as well as plaintiff's reported activities, and incorporated into her finding those limitations that reasonably could be supported by the medical and other relevant evidence. This finding is supported by substantial evidence.

Plaintiff alleges, however, that in rendering her residual functional capacity finding the ALJ erred in evaluating the medical evidence. Specifically, plaintiff alleges that the ALJ erred in not giving appropriate weight to the medical reports and opinions of his treating physicians. The court finds no error in the ALJ's evaluation of the medical evidence.[3]

The ALJ thoroughly and exhaustively addressed the relevant medical evidence in her opinion and adequately explained her reasons for the weight she accorded to the respective reports and opinions. (R.13-16). In fact, it is clear from the record that the ALJ did not reject or discount or accord lesser weight to any medical evidence of record. Nor has plaintiff pointed to a

---

[3] Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d).

single opinion or finding from any medical source that he believes was not accorded adequate weight.

The ALJ did a thorough job in her decision in setting forth and discussing the relevant medical evidence. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence in the record.

The court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations in arriving at her residual functional capacity finding.[4] In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but _also_ considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ found plaintiff's subjective complaints of debilitating pain and limitations inconsistent with the totality of the evidence. (R. 16-18). The ALJ adhered to the standards set forth in 20 C.F.R. §416.929(c) and SSR 96-7p and thoroughly explained her credibility finding in her decision. The ALJ's credibility determination is supported by substantial evidence.

---

[4] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

The court likewise finds no merit to plaintiff's contention that the ALJ's hypothetical to the vocational expert failed to account for all of the limitations substantiated by the evidence. A hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted for all of plaintiff's impairments and limitations supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's finding that plaintiff retains the ability to perform work existing in significant numbers in the national economy.

Next, to the extent plaintiff argues that the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, in assessing plaintiff's residual functional capacity, the record also fails to support that position. The ALJ specifically noted in her decision that she considered all of plaintiff's impairments in combination at steps 2, 3 and 5 of the sequential evaluation process and her findings demonstrate that she did just that. (R. 12-18). The court is satisfied that the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's residual functional capacity assessment is supported by substantial evidence.

Finally, plaintiff alleges that the Appeals Council in denying review erred by failing to consider additional medical records that he submitted to the Appeals Council but that were not presented to the ALJ.

However, this court has no authority to review the actions of the Appeals Council in denying review. As the Third Circuit Court of Appeals explained in Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001), the standards for judicial review are governed by the Social Security Act. Pursuant to §405(g), a claimant unsuccessful in the administrative process may seek judicial review of the final decision of the Commissioner denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision that the court is to review. Id. at 592. As the Third Circuit explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council's decision to deny review." Id. at 594.

Here, plaintiff is asking this court to review the Appeals Council's decision to deny review, which this court has no statutory authority to do. Rather, it is the ALJ's decision, the final decision of the Commissioner, that is before the court for judicial review. Id. at 594-95.

To the extent plaintiff requests a remand for consideration of the post-hearing medical reports, those reports were not before the ALJ, and plaintiff has failed to establish that those reports

AO 72
(Rev. 8/82)

are new or material, nor has he established good cause for not presenting this information to the ALJ.[5]

Moreover, the reports in question clearly do not further plaintiff's position that he is disabled, as the records reveal no new back impairment and are consistent with the prior evidence before the ALJ related to plaintiff's back impairment, including objective findings showing plaintiff to have full motor strength, no muscle atrophy, normal coordination, normal gait and normal reflexes. (R. 790). Accordingly, plaintiff is not entitled to a sentence six remand for consideration of this evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

_____
Gustave Diamond
United States District Judge

---

[5] When a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833.

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard, Suite B
    Altoona, PA 16602

    John J. Valkovci
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901